UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NORMA CANDICE EDELBAUM,

                          Plaintiff,                  Civil Case No.:08 cv 02505

    -against-                                  **AFFIRMATION IN OPPOSITION**

ALLIANZ LIFE INSURANCE COMPANY OF
NORTH AMERICA,

                          Defendant.
------------------------------------------------------------------X

        DAVID A. ZELMAN, Esq., an attorney duly licensed to practice law before the Southern District of New York, being duly sworn deposes and says, upon information and belief, as follows:

1. I am the attorney for the within plaintiff, and as such I am fully familiar with all the facts and circumstances of this case. This is an action for breach of a life insurance contract where plaintiff is the sole beneficiary of the contract.

2. I submit this affirmation in opposition to defendant's motion to dismiss this matter or in the alternative to transfer this action to the District of New Jersey. As will be argued below and in the accompanying Memorandum of Law, neither relief is appropriate in this matter.

3. Defendant's motion is based, in large part, on its argument that since it filed a related action in New Jersey on February 5, 2008, it filed first and therefore the

first filed action should take precedence over the subsequent filed action. There is no dispute that these two actions encompass the same facts and the same dispute.

4. Thereafter, defendant spends a great deal of time discussing the underlying facts of this matter which have little or no bearing on the issues which this Court must address on the instant motion to dismiss. It will become clear through discovery of this action that the decedent, Mr. Austin Bleich did not misrepresent his health to his Insurer, ALLIANZ and that any claim to the contrary is belied by the evidence. Mr. Bleich honestly and completely filled out an insurance application, responded to a telephone interview, underwent an independent medical examination by a physician hired by ALLIANZ and provided ALLIANZ with authorizations for all of his medical records prior to ALLIANZ agreeing to insure the life of the decedent. ALLIANZ knew all that could be known about the decedent's health prior to issuing its insurance policy. ALLIANZ's refusal to pay the $1.3 million policy proceeds in this action is based solely upon its will, without regard for Mr. Bleich's skill in completing long, complex and numerous medical history forms and interviews.

5. While it is true that the New Jersey action was filed first, by approximately five weeks, ALLIANZ never served the Complaint in the New Jersey action on any defendant. The undersigned as well as the within plaintiff, who is both the sole beneficiary of the insurance contract and the Administratrix of the Estate of

Austin Bleich was not aware of the New Jersey matter until after filing this action. The undersigned became aware of the New Jersey action by counsel for ALLIANZ who contacted the undersigned after filing this matter.

6. It appears that ALLIANZ filed the New Jersey action prophylactically; ALLIANZ informed plaintiff via letter that it would refuse to pay the policy proceeds based upon its investigation, provided plaintiff with a check representing a full refund of the premiums paid to ALLIANZ over the course of the life insurance contract and six days later, without discussing the matter with the within Plaintiff, filed the New Jersey action. Therefore, the New Jersey action was filed before ALLIANZ had any indication whether plaintiff would accept the refund of premiums. Had the plaintiff accepted the refund, the New Jersey case would simply be dismissed by ALLIANZ as moot. If plaintiff sought to contest the denial, then ALLIANZ had "filed first." Therefore, it seems defendant's argument that it filed first was done strategically to pick the forum it deemed best for its goal of rescinding the insurance contract.

7. Now ALLIANZ argues that pursuant to the "first to file" rule, this action should be dismissed. However, as will be discussed in the accompanying Memorandum of Law, that argument should be raised in the matter pending in New Jersey as the forum where the suit was first filed has the jurisdiction to enjoin a later filed suit.

8.  Even if this Court were to consider the "first to file" issue, the accompanying affidavit of the within plaintiff points out, the New York forum is more appropriate for this action. Plaintiff, who as mentioned above is the sole beneficiary and administratrix is domiciled in New York City. In addition, the Estate of Austin Bleich is being administered by a New York City law firm. All of the relevant medical providers who treated the decedent are based in New York City. The decedent died in New York City. Plaintiff's taxes were filed in New York. Plaintiffs' cars were registered in New York. Plaintiff and decedent voted in New York. Even the agent who arranged the contract between ALLIANZ and Bleich, Mr. Harrison Webb, maintains an office in Monsey, which is located in New York State. Therefore, it appears that the New York forum is by far the more appropriate forum for this action. All witnesses to this action reside in New York and ALLIANZ alleges that it is incorporated in Minnesota. It also appears likely that the New Jersey action will be dismissed for lack of jurisdiction over Candice Edelbaum.

WHEREFORE, the undersigned requests that the defendant's motion to dismiss and/or transfer this action be denied in its entirety and requests such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
       June 15, 2008

                                      **LAW OFFICE OF DAVID A. ZELMAN**

                                      By: **David A. Zelman, Esq.** (Dz8578)
                                      Attorney for CANDICE EDELBAUM
                                      612 Eastern Parkway
                                      Brooklyn, New York 11225
                                      (718) 604-3072

*Via mail:*
Steven P. Del Mauro, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
PO BOX 2075
Morristown, New Jersey 07962-2075

**EXHIBIT A**

STATE OF NEW YORK       }
                        SS:
COUNTY OF NEW YORK      }

      CANDICE EDELBAUM, being duly sworn, deposes and says:

1. I am a party of the above captioned action and wife of the decedent, Mr. Austin Bleich. We married in February of 2006.

2. On September 21, 2007, my husband died at St. Vincent's Hospital in Manhattan after a long illness.

3. In October of 2007, I contacted Allianz Insurance Company and informed them that my husband had died.

4. A few months later, I was informed that Allianz Insurance Company refused to pay the insurance policy.

5. Thereafter, I was referred to an attorney who I retained to contest the Insurance Company's decision to refuse to pay insurance benefits.

6. Presently, I am staying in my daughter's apartment in Manhattan. I have been staying here for three weeks while my Manhattan apartment is being renovated. I plan to live in my Manhattan apartment with my mother who is now 94 years old. I have owned the Manhattan apartment for the last 38 years.

7. In October of 2005, my husband and I spent some time at our Tenafly, New Jersey home which was purchased in May of 2005. We also lived in East Hampton and in Manhattan during that time.

8. All of my husband's medical treatments and hospitalizations were in New York City.

9. My husband's estate is being administered in a Manhattan law firm.

10. Since my late husband and I met in 1985, we always listed either Manhattan or East Hampton addresses on our taxes. In 2007, we filed jointly and used a Manhattan address on our taxes.

11. From 2005-2007, we owned two cars. Each car was registered either in Manhattan or East Hampton.

12. Both my husband and I voted in East Hampton since approximately 2000.

13. In May of 2008, I contracted to sell the New Jersey home. It is scheduled to close this month.

14. In September of 2007, due to my husband's illness, we sold the house in East Hampton.

15. I was never served with legal papers regarding any lawsuit relating to this matter. My attorney told me that I was being sued in New Jersey.

16. I consider Manhattan to be my residence and domicile. My two daughters live in Manhattan and I intend to live close to them.

Dated: New York, New York
June 8, 2008

_____
CANDICE EDELBAUM

Sworn to before me
this 11 day of June, 2008

_____
Notary Public

NEAL BERNSTEIN
Notary Public State of New York
No. 01BE5043933
Qualified in Kings County
Commission Expires May 15, 2011

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NORMA CANDICE EDELBAUM,

                        Plaintiff,

      -against-                                  Civil Case No.: 08 CV 02505

ALLIANZ LIFE INSURANCE COMPANY OF
NORTH AMERICA,

                        Defendant.
------------------------------------------------------------------X

## AFFIRMATION IN OPPOSITION

LAW OFFICE OF DAVID A. ZELMAN
ATTORNEY FOR PLAINTIFFS
612 Eastern Parkway
Brooklyn, NY 11225
Tel: 718-604-3072
Fax: 718-604-3074