UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NORMA CANDICE EDELBAUM,

                        Plaintiff,            Civil Case No.:08 cv 02505

      -against-
ALLIANZ LIFE INSURANCE COMPANY OF
NORTH AMERICA,

                        Defendant.
-------------------------------------------------------------------X

MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NORMA CANDICE EDELBAUM,

                          Plaintiff,                   Civil Case No.:08 cv 02505

   -against-

ALLIANZ LIFE INSURANCE COMPANY OF
NORTH AMERICA,

                          Defendant.
------------------------------------------------------------------X

## POINT ONE: NEW JERSEY IS THE CORRECT FORUM TO DECIDE THE "FIRST TO FILE" ISSUE

As argued in the affirmation in opposition, defendant is required to raise the issue of "first to file" in the matter which was first filed. As was held in <u>Ontel Products, Inc., Et. Al., V. Project Strategies Corp, et. al.</u>, 899 F. Supp. 1144; 1995 U.S. Dist. LEXIS 13204, (SDNY, 1995):

> Case law indicates that the court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or alternatively, an exception to the first filed rule, applies. *Weber-Stephen Prods. Co. v. Ivy Mar Co., Inc.*, 1993 U.S. Dist. LEXIS 18804, No. 93 C. 5462, 1994 WL 11711 (N.D. Ill. Jan. 13, 1994) (leaving application of the first-filed rule to the Southern District of New York where the first-filed case was brought); *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County,* 542 F. Supp. 1317, 1321 (S.D.N.Y. 1982) ("The district court hearing the first-filed action should [be the court that] determine[s] whether special circumstances dictate that the first action be dismissed in favor of a later-filed action."). As noted above, the first-filed case was brought here in the Southern District of New York, and thus I will now decide application of first-filed jurisprudence. The District of New Jersey accordingly has delayed any judicial action on the second-filed case, which was filed there, pending my decision on these motions.
> 
> <u>Ontel</u> at 16, footnote 9.

See also, Veritas-scalable Investment Products Fund, Llc V. Fb Foods, Inc., et. al., 2006 U.S. Dist. LEXIS 51085 at 14, (Conn., 2006) (Case law indicates, however, that [it is] the court in which the first-filed case was brought [that] decides the question of whether . . . the first-filed rule, or alternatively, an exception to the first-filed rule, applies." Ontel Prods., Inc., 899 F. Supp. at 1150, n.9 (multiple citations omitted). Thus, the District of Connecticut is not the forum for this issue to be decided.)

Therefore, this Court should deny defendant's motion as the New Jersey forum is the correct forum to decide the "first to file" issue.

**POINT TWO: DEFENDANT FILED THE NEW JERSEY DECLARATORY ACTION PROPHYLACTICALLY**

On exception to the "first to file" rule is where a party files an *anticipatory action*. As pointed out in the affirmation in opposition, ALLIANZ filed the New Jersey action almost contemporaneously with mailing plaintiff a letter indicating it would not adhere to the life insurance contract but would refund all premiums paid to ALLIANZ over the course of the contract. In fact, the difference between the time ALLIANZ declared the policy *void ab initio* and filed the New Jersey action was six days. During that six days, it does not appear that there was any communication between the parties as the undersigned is unaware of any settlement negotiations which occurred prior to the New Jersey filing. In Ontel, the Court analyzed the relationship between litigants prior to litigation and concluded:

> Where lawsuits concerning the same parties and issues are pending in two federal districts, the first-filed rule of the Second Circuit generally affords priority to the first-filed suit when courts choose which suit to permit to go forward. First City Nat'l Bank & Trust v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989); Meeropol v. Nizer, 505 F.2d 232, 235

(2d Cir. 1974). In so doing, the first-filed rule avoids duplicative litigation by adhering to the inherently fair concept that the party who commenced the first suit should generally be the party to attain its choice of venue. There are exceptions to this rule; one exception exists where the first-filed suit constitutes an "improper anticipatory filing," or one made under the apparent threat of a presumed adversary filing the mirror image of that suit in a different federal district (or state court). 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 132 (S.D.N.Y. 1994); Don King Prods., Inc. v. Douglas, 735 F. Supp. 522, 532 (S.D.N.Y. 1990). These improper filings, by necessity, often take the form of declaratory judgments, which form the instant action in part takes. Because "[a] party has a right to seek declaratory [relief] where a reasonable apprehension exists that if it continues an activity it will be sued by another party," however, the mere fact that an action is brought as one for a declaratory judgment "does not necessarily [mean that it] constitute[s] an anticipatory filing for purposes of an exception to the first filed rule." *800- Flowers, Inc.,* 860 F. Supp. at 132. In the instant case, although the available evidence supports the proposition that Ontel filed this action in the Southern District of New York in anticipation of P.S.C. bringing suit elsewhere, it also indicates that Ontel's filing was *not* "improper."

Ontel at 1150.

Here, it is argued that ALLIANZ's filing of the New Jersey action was improperly anticipatory. At the time it filed the New Jersey action, it could not have known if plaintiff would have accepted the refund of premiums because so little time had past. ALLIANZ filed suit even before it knew whether a suit would be necessary. This argument is buttressed by the fact that ALLIANZ never served the Complaint on any party in the New Jersey action and in fact, requested that the undersigned accept service after the filing of this action. Therefore, even if this Court were to reach the "first to file" rule, the rule should not apply because ALLIANZ filed the New Jersey action in anticipation of future legal action and therefore improperly sought to take advantage of the "first to file" rule by prematurely selecting a forum. See, Ontel, at 16-19.

### POINT THREE: ALL WITNESSES TO THIS DISPUTE RESIDE IN NEW YORK AND THEREFORE NEW YORK IS THE PROPER FORUM

As pointed out in the Affirmation in Opposition, all of the witnesses to this action as well

as the plaintiff-administratrix, CANDICE EDELBAUM, reside in New York. ALLIANZ is a Minnesota based Corporation and therefore will sustain no prejudice by being required to litigate this matter in a New York court. While it appears that the decedent did for a time reside in New Jersey, it is clear that the plaintiff in this action never did. The medical providers, all of whom maintain practices in New York may be called as witnesses in this action. The insurance broker/agent who arranged the insurance policy may be called as a witness. His office is in New York State. Therefore, for the convenience of the witnesses as well as the fact that the plaintiff and administratrix of the estate of Austin Bleich reside in New York, New York is by far the most convenient forum for this litigation.

In *Clarendon National Insurance Company, V.gene Pascual* et. al., 2000 U.S. Dist. LEXIS 2881, (SDNY, 2000), in denying a transfer motion, Judge Peck held:

> The convenience of both party and non-party witnesses is probably considered the single most important factor in the analysis of whether a transfer should be granted." *Coker v. Bank of America*, 984 F. Supp. at 765 (internal quotation marks omitted); *see also, e.g., Howard v. Four Seasons Hotels*, 1997 WL 107633 at *2; *Raines v. Switch Mfg. Corp.*, 1996 U.S. Dist. LEXIS 10367, *4, 96 Civ. 2361, 1996 WL 413720 at *2 (S.D.N.Y. July 24, 1996) (the "convenience of the party and non-party witnesses is particularly important"); *Arrow Elecs., Inc. v. Ducommun Inc.*, 724 F. Supp. 264, 265 (S.D.N.Y. 1989); 15 Wright, Miller & Cooper, *Federal Practice & Procedure: Jurisdiction 2d* § 3851 at 415-17.
>
> To succeed on a transfer motion, however, the moving party -- here defendants Pascual and QSS -- "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d Cir. 1978); [*17] accord, e.g., *Wechsler v. Macke Int'l Trade, Inc.*, 1999 WL 1261251 at *6; *Coker v. Bank of America*, 984 F. Supp. at 765; *Xpressions Footwear Corp. v. Peters*, 885 F. Supp. 630, 633 (S.D.N.Y. 1995) (Koeltl, D.J.) *Tomchuck v. Union Trust Co.*, 875 F. Supp. 242, 244 (S.D.N.Y. 1995) (Koeltl, D.J.
>
> As discussed above, defendants do not attempt to argue that there are any witnesses to

4

this action which would be more accommodated by a New Jersey forum than the instant one. Therefore, this Court should deny defendant's motion to transfer this action to a less convenient forum.

WHEREFORE, for the foregoing reasons, the undersigned requests that ALLIANZ's motion to dismiss and/or transfer this action be denied in its entirety and requests such other and further relief as this Court may deem just and proper.

Dated: Brooklyn, New York
June 15, 2008

LAW OFFICE OF DAVID A. ZELMAN

By: **David A. Zelman, Esq.** (dz8578)
Attorney for CANDICE EDELBAUM
612 Eastern Parkway
Brooklyn, New York 11225
(718) 604-3072

*Via mail:*
Steven P. Del Mauro, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Avenue
PO BOX 2075
Morristown, New Jersey 07962-2075

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NORMA CANDICE EDELBAUM,

                                        Plaintiff,               Civil Case No.:08 cv 02505

    -against-                                       **Affirmation of Mailing**

ALLIANZ LIFE INSURANCE COMPANY OF
NORTH AMERICA,

                                       Defendant.
------------------------------------------------------------------X

       David A. Zelman, Esq., an attorney duly admitted to practice before the SOUTHERN DISTRICT OF NEW YORK, affirms the following:.

       Under the penalties of perjury and CPLR § 3126, I hereby affirm that on **June 16, 2008** I served a copy of the **Affirmation in Opposition and Memorandum of Law** annexed hereto upon the person listed below. Service was effectuated via first class mail by depositing said properly addressed envelope into a U.S. mailbox.

Dated:  **Brooklyn, NY**
          **June 16, 2008**

                                                           David A. Zelman, Esq.
                                                           Attorney for Plaintiff
                                                           CANDICE EDELBAUM
                                                           612 Eastern Parkway
                                                           Brooklyn, NY 11225
                                                          (718) 604-3072

To:    Steven P. Del Mauro, Esq.
         McElroy, Deutsch, Mulvaney & Carpenter, LLP
         1300 Mount Kemble Avenue
         PO BOX 2075
         Morristown, New Jersey 07962-2075

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
NORMA CANDICE EDELBAUM,

                            Plaintiff,

    -against-                                   Civil Case No.: 08 CV 02505

ALLIANZ LIFE INSURANCE COMPANY OF
NORTH AMERICA,

                            Defendant.
------------------------------------------------------------------X

## MEMORANDUM OF LAW

LAW OFFICE OF DAVID A. ZELMAN
ATTORNEY FOR PLAINTIFFS
612 Eastern Parkway
Brooklyn, NY 11225
Tel: 718-604-3072
Fax: 718-604-3074