MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant, Allianz Life Insurance Company of North America

By: _____
            Steven P. Del Mauro, Esq.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| NORMA CANDICE EDELBAUM, :<br><br>                    Plaintiff, :<br><br>vs. :<br><br>ALLIANZ LIFE INSURANCE :<br>COMPANY OF NORTH AMERICA :<br><br>                    Defendant. : | CIVIL ACTION NO. 08-cv-02505 |

**CIVIL ACTION – LEGAL MEMORANDUM ON BEHALF OF ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA IN REPLY TO EDELBAUM'S OPPOSITION TO ALLIANZ'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, TRANSFER THIS ACTION TO THE DISTRICT OF NEW JERSEY**

                                                Steven P. Del Mauro
                                                Of counsel and on the brief.

## TABLE OF CONTENTS

PREFATORY STATEMENT ............................................................................... 3

LEGAL ARGUMENT ....................................................................................... 4

    POINT I ................................................................................................ 4

        THE COURT SHOULD DISMISS THE COMPLAINT
        WITHOUT PREJUDICE BECAUSE EDELBAUM'S
        CLAIMS SHOULD BE LITIGATED IN THE DISTRICT
        OF NEW JERSEY WHERE THE FIRST COMPLAINT
        RELATED TO THIS DISPUTE WAS FILED ......................................... 4

    POINT II ............................................................................................... 6

        ALLIANZ'S COMPLAINT WAS NOT A PROPHYLACTIC
        PLEADING BECAUSE IT HAD NO NOTICE OF A
        PENDING LASUIT BY EDELBAUM AND IS REQUIRED TO
        EFFECTUATE RESCISSION IN ACCORDANCE WITH THE
        LAWS OF THE STATE OF NEW JERSEY ......................................... 6

    POINT III .............................................................................................. 9

        ADHERENCE TO THE FIRST TO FILE RULE IS IN THE
        INTERESTS OF JUDICIAL ECONOMY AND THE
        CONVENIENCE OF PARTIES AND WITNESSES ............................. 9

CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

Federal Cases

Continental Grain Co. v. Barge FBL-585,
    364 U.S. 19, 80 S. Ct. 1479, 4 L. Ed. 2d 1540 (1960)...................................................... 5

Donaldson, Lufkin & Jenretta, Inc. v. Los Angeles County,
    542 F. Supp. 1317(S.D.N.Y. 1952) .............................................................................. 5

Ferens v. John Deere Co.,
    494 U.S. 516, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990)............................................ 5

First City Nat. Bank and Trust Co. v. Simmons,
    878 F.2d 76 (2d Cir. 1989).......................................................................................... 5, 6

800-Flowers, Inc. v. Intercontinental Florist,
    860 F. Supp. 128 (S.D.N.Y. 1994) ............................................................................. 7

J. Lyons & Co. v. Republic of Tea, Inc.,
    892 F. Supp. 486 (S.D.N.Y. 1995) ............................................................................. 7

Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,
    342 U.S. 180, 72 S. Ct. 219, 96 L. Ed. 2d 200 (1952)................................................. 6

Ontel Prods., Inc. v. Project Strategies Corp.,
    899 F. Supp. 1144 (S.D.N.Y. 1995)......................................................................... 5, 7

Trippe Mfg. Co. v. American Power Conservation Corp.,
    46 F.3d 624 (7th Cir. 1995) ...................................................................................... 6

State Cases

Johnson v. Metropolitan Life Ins. Co.,
    53 N.J. 423 (1969) ..................................................................................................... 8

Metropolitan Life Ins. Co. v. Lodzinski,
    121 N.J. Eq. 183 (Ch. 1936) ...................................................................................... 8

Federal Statutes

28 U.S.C. § 1404(a) ........................................................................................................ 4, 10

Federal Rules

Fed. R. Civ. P. 45(b)(2)(B) ............................................................................................ 10

## PREFATORY STATEMENT AND STATEMENT OF FACTS

Defendant Allianz Life Insurance Company of North America ("Allianz") submits this memorandum of law in further support of its motion to dismiss the Complaint filed by Norma Candice Edelbaum ("Edelbaum") or, in the alternative, transfer the Complaint to the District of New Jersey and in reply to the opposition submitted by Edelbaum.  Contrary to Edelbaum's assertions, Allianz fully advised her that it would be filing a civil action to void the policy of life insurance issued by Allianz to Austin Bleich ("Decedent") on November 22, 2005, ("the Policy") which is the subject of these proceedings.  Furthermore, Edelbaum acknowledges that this action and Allianz's complaint in the District of New Jersey concern the exact same dispute involving the same operative facts.  It is also undisputed that Allianz was the first to file a complaint regarding the validity of the Policy.

Despite these undisputed facts, Edelbaum persists in maintaining a needlessly duplicative action in this district court.  Moreover, Edelbaum's basis for refusing to acknowledge the priority of Allianz's complaint is contrary to the facts and applicable law.  For example, Edelbaum alleges that Allianz filed its New Jersey complaint as a "prophylactic" measure and that she had no notice of that lawsuit until after she filed this action. (Zelman Affirm., June 15, 2008, at ¶ 6). Such allegations are particularly disingenuous in light of the fact that by correspondence dated January 31, 2008, Allianz specifically advised Edelbaum that it would file a lawsuit to void the Policy and had retained New Jersey counsel.  (Del Mauro Certif., June 23, 2008, at ¶ 3). Moreover, Allianz's complaint can hardly be considered prophylactic when the Policy is governed by the laws of the State of New Jersey and New Jersey is a "filing state," requiring that an insurer file an action within the contestability period of an insurance policy to obtain

rescission of a policy. Finally, the case law cited by Edelbaum is irrelevant to the applicability of the first to file rule.

As Allianz was the first to file a complaint concerning its rights under the Policy, the Court should dismiss Edelbaum's Complaint, without prejudice, and allow Edelbaum to proceed by way of counterclaim in the District of New Jersey action. Dismissal is warranted under 28 U.S.C. § 1404(a) and the relevant law within the Second Circuit which clearly establishes that where there are two actions proceeding in different district courts and those actions concern the same locus of operative facts, parties and issues, the claims should be litigated in the district where the first action was filed.

## LEGAL ARGUMENT

### POINT I

**THE COURT SHOULD DISMISS THE COMPLAINT WITHOUT PREJUDICE BECAUSE EDELBAUM'S CLAIMS SHOULD BE LITIGATED IN THE DISTRICT OF NEW JERSEY WHERE THE FIRST COMPLAINT RELATED TO THIS DISPUTE WAS FILED**

Edelbaum's action in the Southern District of New York against Allianz Life Insurance Company constitutes a needlessly duplicative proceeding of Allianz's previously filed lawsuit within the District of New Jersey. Edelbaum concedes that both lawsuits concern the same insurance policy, the same set of operative facts and the same contested rights pursuant to the terms of the Policy that governs each party's claims. Moreover, there is no dispute that New Jersey law applies to the Policy as Decedent represented on the application that he was a New Jersey resident, the application was completed and executed in the State of New Jersey and the Policy was issued pursuant to and in accordance with the laws of the State of New Jersey.

Instead, Edelbaum relies on misstatements of the relevant facts and applicable law in an effort to distract the Court from the clear applicability of the first to file rule.

First, Edelbaum incorrectly argues that only the District of New Jersey has the authority to decide the first to file issue because the first complaint related to the parties' disputes was filed in that district. Ironically, this position acknowledges the priority of Allianz's lawsuit while ignoring the binding precedent cited in Allianz's moving papers.

Edelbaum cites Ontel Prods., Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1153 (S.D.N.Y. 1995) for the proposition that only the district where the first action is filed may rule on Allianz's motion. Based on the case law referenced in the portion of Ontel cited in Edelbaum's brief, Donaldson, Lufkin & Jenretta, Inc. v. Los Angeles County, 542 F. Supp. 1317, 1321 (S.D.N.Y. 1952), it is apparent that the district court merely recognized the obvious principle that the first-filed court is the appropriate forum to decide whether or not to *defer* to the *later filed action*. Id. ("[T]he district court hearing the first-filed action should [be the court that] determine[s] whether special circumstances dictate that the first action be dismissed in favor of a later-filed action."). In this case, however, Allianz has merely requested that the Southern District of New York adhere to the rule articulated by the United States Supreme Court and the Second Circuit that the court where a second and duplicative action is filed, should defer to the first. Ferens v. John Deere Co., 494 U.S. 516, 531, 110 S. Ct. 1274, 108 L. Ed. 2d 443 (1990), *quoting* Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26, 80 S. Ct. 1479, 4 L. Ed. 2d 1540 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that Section 1404(a) was designed to prevent"); First City Nat. Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989).

Moreover, Edelbaum's interpretation of the first to file rule would render the relevant Supreme Court authority on point a nullity. The Supreme Court holds that "A district court has 'an ample degree of discretion' in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation. *See*, Trippe Mfg. Co. v. American Power Conservation Corp., 46 F.3d 624, 629 (7th Cir. 1995), *quoting*, Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co., 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 2d 200 (1952). Moreover, in First City National Bank and Trust Company v. Simmons, the Second Circuit affirmed the decision of the Southern District of New York to dismiss a complaint because a related action was first filed in the Western District of Oklahoma. 878 F.2d 76, 79 (2d Cir. 1989). Thus, the Second Circuit has approved of the relief sought by Allianz in this motion. Moreover, as a practical matter, the District of New Jersey has no authority to compel the Southern District of New York to dismiss a complaint filed within its jurisdiction or to enjoin the Court from hearing this case. Therefore, Allianz properly sought dismissal of this action in the Southern District of New York and its motion to dismiss should be granted.

## POINT II

### ALLIANZ'S COMPLAINT WAS NOT A PROPHYLACTIC PLEADING BECAUSE IT HAD NO NOTICE OF A PENDING LASUIT BY EDELBAUM AND IS REQUIRED TO EFFECTUATE RESCISSION IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW JERSEY

In addition to ignoring the clear mandates of the first to file rule, Edelbaum also misconstrues the narrow exceptions to the rule by attempting to cast Allianz's complaint as a "prophylactic" device to obtain an advantage. This position is contrary to the documentary evidence which demonstrates that Allianz had no reason to anticipate a lawsuit from Edelbaum when it filed its complaint. Moreover, Edelbaum's basis for alleging that the District of New

Jersey complaint was an anticipatory pleading is illogical. Edelbaum claims the suit was premature because there was no communication between the parties before Allianz filed its lawsuit. However, the applicability of the "anticipatory filing" exception is contingent upon there being clear and specific notice of impending litigation. As neither Edelbaum nor the Estate made any effort to communicate with Allianz and never responded to the January 31, 2008, correspondence notifying Edelbaum of Allianz's pending litigation, the District of New Jersey complaint is not an anticipatory pleading.

An anticipatory pleading is "one made under the apparent threat of a presumed adversary filing the mirror image of that suit" in another court. Pharm. Res., Inc. v. Alpharma USPD, Inc., 2002 U.S. Dist. LEXIS 8549 at *8-9 (S.D.N.Y. 2002) (*quoting* Ontel Prods., Inc. v. Project Strategies Corp., 899 F. Supp. 1144, 1150 (S.D.N.Y. 1995)). Furthermore, even if a party has an apprehension of being sued, such does not preclude that party from seeking affirmative relief from the courts. *See* 800-Flowers, Inc. v. Intercontinental Florist, 860 F. Supp. 128, 132 (S.D.N.Y. 1994). Indeed, courts hold that in order to apply the anticipatory pleading exception, the threat of litigation must be specific and not merely speculative. Therefore, in order to avoid the first to file rule, a party must demonstrate that "a notice letter informs a defendant of the intention to file suit, a filing date, and/or a specific forum for the filing of the suit." J. Lyons & Co. v. Republic of Tea, Inc., 892 F. Supp. 486, 491 (S.D.N.Y. 1995).

In this case, it was Allianz and not Edelbaum which advised by correspondence that it was filing a civil action to declare the Policy void *ab initio*. (Del Mauro Certif., June 23, 2008, at ¶ 3). Edelbaum's counsel concedes that there was no prior communication between the parties concerning the prospects of litigation or whether or not Edelbaum would fight rescission. (Zelman Affirm., June 15, 2008, at ¶ 6). Furthermore, the evidence establishes that Allianz, after

allowing a reasonable period of time for Edelbaum to consider its proposed rescission agreement, sought to perfect service of process even before Edelbaum filed her action in this Court. *See* (Del Mauro Cert., June 23, 2008, at ¶ 6). Thus, it was Edelbaum, and not Allianz, that engaged in attempted forum shopping in this matter. Simply put, Edelbaum commenced this civil action six weeks after she had been placed on notice that Allianz would commence a civil action to obtain rescission of the Policy of life insurance with disclosure of the undersigned as counsel.

In addition, there is no dispute that based upon Decedent's representation that he was a New Jersey resident, and on the basis that the application was completed and executed in the State of New Jersey, Allianz issued the Policy pursuant to, in accordance with and governed by the laws of the State of New Jersey. Under New Jersey law, in order to perfect rescission in the event that a formal rescission is not executed, the insurer must **file** a civil action during the contestability period:

> It is the general rule that a carrier must thus initiate the contest within the stipulated time period of an incontestable clause. Annotation, 95 A.L.R.2d 420 (1964). This view was adopted in Metropolitan Life Ins. Co. v. Lodzinski, 121 N.J. Eq. 183, 184-185 (Ch. 1936), and the Court of Errors and Appeals, in reversing on a finding that the insurer's action was instituted on the last day of the contestable period, thereby acted upon the basis of the rule without qualifying comment. 122 N.J. Eq. 404, 406 (E. & A. 1937).
>
> That rule rests upon the premise that the incontestable clause is intended to give the insured a sense of security after the stated period elapses, and that since the clause in substance is a period of limitations, the insurer's claim for rescission should be asserted within the stipulated period by a suit brought by the insurer or by a defensive pleading if the insured has already instituted an action.

Johnson v. Metropolitan Life Ins. Co., 53 N.J. 423, 442 (1969). Thus, Allianz determined to file a lawsuit in order to protect its rights. The delay in effectuating service was a matter of courtesy to Edelbaum to allow her time to consider whether or not to accept the rescission agreement

without incurring the additional time and expense of ongoing litigation. Edelbaum, knowing full well that a lawsuit had been filed, cannot be permitted to take advantage of Allianz's courtesy in a vain effort to unnecessarily drive up the costs of litigation by maintaining two identical lawsuits.

## POINT III

### ADHERENCE TO THE FIRST TO FILE RULE IS IN THE INTERESTS OF JUDICIAL ECONOMY AND THE CONVENIENCE OF PARTIES AND WITNESSES

In a final effort to obfuscate the standards governing the first to file doctrine, Edelbaum argues that litigation in the district of New York will serve the convenience of the parties and witnesses without considering the practical effects should the Court accept her position. Denial of this motion would do nothing less than subject the parties, witnesses and the courts to greater inconvenience because there would be two parallel actions involving the exact same factual circumstances and legal disputes only miles apart. Therefore, although it may be convenient for some potential witnesses to attend proceedings in the Southern District of New York it would be decidedly inconvenient for the all interested persons to endure two parallel actions simultaneously. Moreover, Edelbaum's claim that the witnesses have no connection to New Jersey is undermined by the facts and documentary evidence.

In setting forth her argument concerning the convenience of witnesses, Edelbaum again relies on inapplicable case law in an attempt to distort the clear governance of the first to file rule. For example, Edelbaum improperly tries to shift the burden to Allianz by relying on case law related to a motion to transfer where only one action had been filed. *See* (Edelbaum Br., at p. 4) (*citing* Clarendon Nat'l Ins. Co. v. Pascual, 2000 U.S.Dist LEXIS 2881 (S.D.N.Y., March 13, 2002). In Clarendon, the defendant filed a motion to transfer pursuant to 28 U.S.C. §

1404(a). The Court denied the motion because the defendant did not make a "sufficient showing to overcome the deference owed to the plaintiff's choice of forum." 2000 U.S.Dist LEXIS 2881 (S.D.N.Y., March 13, 2002). The defendant, however, had not filed his own action in another court. Thus, the issue in that case had noting to do with the first to file rule. Moreover, <u>Clarendon</u> actually reinforces the notion that a plaintiff's choice of forum should be respected. Edelbaum, however, seeks to obviate this principle in total disregard for Allianz's choice of forum. In addition, Edelbaum baldly claims that she has never has never been a resident of New Jersey despite the fact that she represented in the Claimant Statement that she resided at 15 Kensington Court, Tenafly, New Jersey 07670, (Del Mauro Cert., June 23, 2008, at ¶ 11), and she admits still owning that residence. (Edelbaum Affirm., June 11, 1008, at ¶¶ 7, 10). Thus, Edelbaum has resided in New Jersey, maintained a bank account in New Jersey and to this day owns property in New Jersey. Furthermore, the Federal Rules of Civil Procedure permit service of a subpoena "outside [the boundaries of the] district [court] but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection." FED. R. CIV. P. 45(b)(2)(B). As the Federal Court in Newark is within miles of the Southern District of New York, all of the proposed witnesses would be well within the subpoena power of the District of New Jersey. The alleged inconvenience of traveling a few extra miles does not warrant maintaining two identical actions thereby consuming the judicial resources of two courts separated only by the Hudson River.

## CONCLUSION

For the reasons set forth above, the Court should grant Allianz's motion to dismiss the Complaint without prejudice or, in the alternative, order that this matter be transferred to the District of New Jersey.

MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for defendant, Allianz Life Insurance
Company of North America


By:_____
Steven P. Del Mauro, Esq.

Dated:  June 23, 2008

1105453_1

MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant, Allianz Life Insurance Company of North America

By: _____
        Steven P. Del Mauro, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NORMA CANDICE EDELBAUM, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 08-cv-02505 |
| | : | |
| vs. | : | |
| | : | |
| ALLIANZ LIFE INSURANCE | : | |
| COMPANY OF NORTH AMERICA | : | |
| | : | |
| Defendant. | : | |
| | : | |

CIVIL ACTION – CERTIFICATION OF COUNSEL

I, **STEVEN P. DEL MAURO, ESQ.**, of full age, being duly sworn according to law and upon my oath depose and say:

1.      I am an attorney-at-law of the State of New Jersey admitted to practice in the Southern District of New York and am a member of the firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for defendant, Allianz Life Insurance Company of North America ("Allianz"), in connection with the above matter. As such, I am fully familiar with the facts and circumstances set forth herein, and have been authorized to submit this Certification in support

of Allianz's motion to dismiss the Complaint of Norma Candice Edelbaum ("Edelbaum") in this matter, without prejudice, or, in the alternative, transfer this matter to the District of New Jersey.

2.      In his opposition to Allianz's motion to dismiss, Edelbaum's counsel erroneously concludes that Allianz's earlier-filed action in the District of New Jersey was a prophylactic pleading.

3.      In its January 31, 2008, correspondence formally declaring the rescission, *ab initio*, of the policy of life insurance, Allianz specifically advised Edelbaum of its intent to file a rescission action. That correspondence states, in relevant part:

> Please be advised that we have retained counsel in New Jersey, Mr. Steven Del Mauro, who will commence a civil action. **If you accept the rescission, we will dismiss the civil action.**

Attached hereto is a true and correct copy of Allianz's January 31, 2008, correspondence as Exhibit A (emphasis added).

4.      Allianz filed its complaint in the District of New Jersey on February 5, 2008, within days of its issuing its correspondence rescinding the policy and tendering a check representing a return of premiums theretofore paid under the Policy.

5.      Allianz did not immediately effectuate service of process on Edelbaum to allow sufficient time to determine if Edelbaum would accept the rescission and execute the Rescission Agreement enclosed in its January 31, 2008, correspondence on behalf of the Estate of Austin Bleich ("the Estate").

6.      Subsequent to the filing of Allianz's complaint in the District of New Jersey, on March 12, 2008, I wrote to Ms. Laurie Ruckel, Esq., whom we believed to be acting as counsel for the Estate and for Edelbaum. Attached hereto is a true and correct copy of my March 12,

2008, correspondence to Ms. Ruckel as Exhibit B.    The relevant portion of that correspondence reads:

> As of this writing, Allianz has not received a response to its [January 31, 2008,] correspondence, nor has it received any indication as to whether rescission is accepted in this case.   As such, we enclose herewith a copy of the complaint, and would appreciate your advising whether you are authorized to accept service of process on behalf of the Estate and Ms. Edelbaum Bleich.

7.     Coincidentally, this correspondence was sent on the same date that, unbeknownst to Allianz, Edelbaum filed this complaint in the Southern District of New York despite the fact that by correspondence dated January 31, 2008, Edelbaum was advised that Allianz filed a civil action to declare the Policy void *ab initio*.  Hence, Edelbaum filed this action with knowledge that Allianz had already commenced a civil action to obtain rescission of the Policy of life insurance with disclosure of the undersigned as counsel prior to instituting this duplicative proceeding.

8.     Subsequently, on March 14, 2008, Mr. Zellman, Edelbaum's counsel contacted our office and agreed to accept service on behalf of Edelbaum in the District of New Jersey action.  It was then, for the first time, that Allianz, through our office, was made aware of the complaint filed in the Southern District of New York.  A true and correct copy of my March 19, 2008, correspondence to Mr. Zellman confirming our March 14, 2008, telephone conversation is attached hereto as Exhibit C.

9.     Furthermore, the relevant facts demonstrated that New Jersey was the appropriate forum as Allianz's complaint concerns a policy of life insurance issued pursuant to, in accordance with and governed by the laws of the State of New Jersey.

10.    In addition to Decedent's representation that he was a resident of the State of New Jersey, Decedent paid premiums from a New Jersey bank account. A true and correct copy of Allianz's February 22, 2007, correspondence to Decedent regarding his premium payments and Decedent's response enclosing a check reflecting his New Jersey address is attached hereto as Exhibit D.

11.    In addition to the factual circumstances relating to New Jersey as set forth in Allianz's moving papers; (i.e., Decedent executed Part I of the application for life insurance in the State of New Jersey and represented that he was a New Jersey resident (Del Mauro Cert., May 20, 2008, at ¶ 6); Decedent underwent a paramedical examination in New Jersey (Id. at ¶¶ 7-11); and Decedent executed Part II of the application in New Jersey) Edelbaum also represented to Allianz that she resided in New Jersey.

12.    Contrary to her argument that she was never a New Jersey resident, on the October 7, 2007, Claimant's Statement seeking payment of the death benefit under the policy of life insurance as a consequence of the Decedent's death, Edelbaum represented that both she and Decedent resided at 15 Kensington Court, Tenafly, New Jersey 07670. A true and correct copy of the October 7, 2007, Claimant's Statement is attached hereto as Exhibit E.

13.    Based on the above facts and circumstances, Allianz submits that Edelbaum's Complaint should be dismissed, without prejudice, as the causes of action asserted therein should properly be asserted as a counterclaim to the Complaint filed in the District of New Jersey. In the alternative, the Court should transfer this action to the District of New Jersey for further proceedings.

14.    I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MCELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for defendant, Allianz Life Insurance
Company of North America

By: _____
            Steven P. Del Mauro, Esq.

Dated: June 23, 2008

1105454_1

# Exhibit
# A

Allianz Life Insurance Company of North America                **Allianz ⑪**

PO Box 59060
Minneapolis, MN 55459-0060

800/950-1962

January 31, 2008


CANDICE BLEICH
15 KENSINGTON CT
TENAFLY NJ 07670


Re:    **Austin Bleich, Deceased
        Date of Death: September 21, 2007
        Policy Number 60012691**


Dear Ms. Bleich:

This letter concerns your claim benefits under the above-referenced life insurance policy. Based on the information you submitted and the information we obtained from Mr. Bleich's medical sources we have completed our review of your claim. The following explains the conclusion of our review and final determination.

As indicated in previous correspondence, because we were notified of a claim within the policy's two-year contestable period, we conducted a review to verify Mr. Bleich's representations at time of application and the Amendment to the Application and delivery of the policy. Enclosed for reference are copies of the policy application, Part II of the application, phone application (GenApp Online Report), Amendment to the Application, and Policy Delivery Receipt.

On September 30, 2005, Mr. Bleich signed an application for life insurance under the above referenced policy. On November 22, 2005, he signed an Amendment to the Application that was made part of his application for the life insurance. In addition to the application information, the information Mr. Bleich provided on the Amendment to the Application was relied upon in issuing him a life insurance policy.

Over Mr. Bleich's signature, the Amendment to the application states, "Since the date of the original application of this policy, the proposed insured(s) and any family members proposed for insurance in the application: (a) have not applied for insurance which was declined, postponed, or modified; and (b) have no application for insurance pending with another company; and (c) have not suffered an illness or an injury; and (d) have not consulted or been examined by a physician or practitioner; and (e) have not changed occupation EXCEPT AS FOLLOWS:" No exceptions were noted.

During the course of our claim review we received copies of Mr. Bleich's medical records from Dr. Leonard Raifman, and Cabrini Medical Center. The records from Dr. Leonrad Raifman indicate that Mr. Bleich had a CT scan of the abdomen and pelvis on November 7, 2005 which was highly suspicious for a pancreatic mass. A letter addressed to Dr. Leonard Raifman from Dr. Franklin Kasmin dated November 15, 2005 indicates that Mr. Bleich underwent an endoscopic ultrasound at Beth Israel Medical Center on November 14, 2005.  The letter further states, "The neck of the pancreas was diffusely hypoechoic, consistent with a mass. The more proximal pancreatic duct was markedly dilated, and the tissue in the body and tail was diffusely

Page 2
Policy 60012691
January 31, 2008

hypoechoic and abnormal. Multiple biopsies were taken of this region of abnormality in the neck of the gland. " Dr. Raifman's records included a copy of a Radiology Report of a CT scan of the abdomen, that was performed on November 18, 2005. The impression on the report stated, "Mass at the pancreatic body and neck with vascular encasement as above. Findings are most consistent with neoplasm, presumably pancreatic adenocarcinoma…" Medical information indicates further that Mr. Bleich died of pancreatic cancer on September 21, 2007.

In reviewing Mr. Bleich's medical information with our Underwriting Department, they advised that had they been aware of this information, they would not have offered life insurance coverage to him. Because this information was material to our underwriter's decision to offer coverage, it is Allianz Life's position that the contract under the Life insurance policy 60012691 is null and void from inception, and our liability is limited to the return of all premiums paid. In addition, it is our position that at the time the policy was issued, accepted, and received, Mr. Bleich was not insurable.

We are enclosing a Rescission Agreement, along with a check in the amount of $13,315.85, representing the refund of premiums. If you accept rescission of the policy, please execute the Rescission Agreement and return in the enclosed postage-paid envelope and negotiate the premium refund check.

Please be advised that we have retained counsel in New Jersey, Mr. Steven Del Mauro, who will commence a civil action. If you accept the rescission, we will dismiss the civil action.

If for any reason you disagree with this disposition, or if you have any additional information that should be brought to our attention, please let us know as we are very willing to further review this matter. We do not intend to waive any rights or defenses, including but not limited to obtaining additional medical records or conducting additional inquiries should this claim be reconsidered in the future based upon new information. We also do not waive any of our rights or defenses with regard to the contract or applicable law.

Sincerely,


Julie Kleve, FLHC, ACS, LTCP
Claim Consultant


Enclosure

c: Laurie Ruckel, Loeb & Loeb
    Harrison Webb, agent (Medical information removed due to privacy.)

## RESCISSION AGREEMENT

This is an agreement between Candice Edelbaum Bleich of Tenafly, New Jersey and Allianz Life Insurance Company of North America.

### Recitals

\*       Austin Bleich was the owner and insured under term life insurance policy No. 60012691 ("the Policy") issued by Allianz Life Insurance Company of North America ("the Company "). Candice Edelbaum Bleich ("the Spouse") was the named beneficiary of the policy and has made claim for the death proceeds under the policy.

\*       A good faith dispute has arisen concerning representations in the application for the Policy. The Spouse and the Company wish to resolve this dispute in accordance with the terms and provisions set forth in this Rescission Agreement.

### Agreement and Release

In consideration of the mutual promises set forth below, the Spouse and the Company agree as follows:

1.       The Policy is hereby rescinded and is void as if it had never existed.

2.       The Spouse acknowledges receipt of the sum of Thirteen Thousand Three Hundred Fifteen Dollars and 85/00 Cents ($13,315.85) from the Company.

3.       Upon receipt of a properly signed and dated original of this Rescission Agreement, with no alterations, the Company shall dismiss with prejudice, and without costs to the Spouse, any court action that has been filed to rescind the Policy.

4.       The Spouse agrees to keep strictly confidential the amount of this settlement and all of the terms of this Rescission Agreement, except as required for tax return preparation purposes and except as required by law

5.       In further consideration of the foregoing, Candice Edelbaum Bleich, on behalf of herself and all who may claim by or through her, does hereby release and forever discharge each and all of the persons and entities described below as "Persons and Entities Released" from each and all of the claims described below as "Claims Released."

Persons and Entities Released:  Allianz Life Insurance Company of North America and its Parent Companies, subsidiaries, affiliates, predecessors and successors in interest, transferees, assignees, reinsurers; and their officers, agents, contractors, employees, directors; and all other related persons and entities.

Claims Released: The persons and entities described above as "Persons and Entities Released" are released from any and all liability whatsoever, including claims for insurance benefits and all other claims, suits, demands and causes of action of any nature, whether known or unknown, which Candice Edelbaum Bleich has had, now has, or may ever claim to have, arising from, arising under, or in any way relating to the Policy, except to enforce the written terms of this Rescission Agreement.

In further consideration of the foregoing promises, the Spouse and the Company agree, on behalf of themselves and all who may claim by or through them or either of them:

A.   That the foregoing Agreement covers all injuries, claims and damages, as well as any and all claims for interest, costs or attorney fees arising therefrom, whether known or not, or which may hereafter appear or develop arising from the matters above referred to.

B.   That this Rescission Agreement is executed as a compromise settlement of a disputed claim, liability for which is expressly denied by the parties released, and that the giving of the above consideration does not constitute an admission of liability on the part of any person or entity.

C.   That they are executing this Rescission Agreement solely in reliance upon their own knowledge, belief and judgment, and not in reliance upon any representation by or on behalf of the other party.

D.   That each of them has read the entirety of this Rescission Agreement, fully understands its terms and its legal significance, and signs this Rescission Agreement freely and voluntarily.

E.   That the person signing this agreement on behalf of the Company is duly authorized to do so.

F.   That this Rescission Agreement shall be binding on and inure to the benefit of the beneficiaries, heirs, executors, administrators, dependents, wards, assigns, successors in interest, affiliates, subsidiaries, directors, agents, contractors and employees of each of the parties.

G.   That this Rescission Agreement is the entire agreement between the parties with regard to resolving their dispute, and no promises for any other or further consideration have been made by anyone.

H.   That this Rescission Agreement will be signed in two counterparts, each of which will have full force and effect.

**THIS AGREEMENT AND RELEASE WILL BE LEGALLY BINDING WHEN SIGNED. IF YOU DO NOT FULLY UNDERSTAND ITS LEGAL SIGNIFICANCE, CONSULT WITH A LEGAL PROFESSIONAL <u>BEFORE</u> SIGNING.**


_____          _____
Candice Edelbaum Bleich, Spouse                    Date



ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA


By:_____          _____
                                                                          Date


Its:_____

# Exhibit
# B

# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
### ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

STEVEN P. DEL MAURO
Direct Dial: (973) 425-8206
sdelmauro@mdmc-law.com

March 12, 2008

Laurie S. Ruckel, Esq.
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154

RE:    **Allianz Life Insurance Company of North America v. The Estate of Austin Bleich, et al.**
       **Civil Action No.: 08-cv-00668**

Dear Ms. Ruckel:

Please be advised that our office represents Allianz Life Insurance Company of North America in connection with a civil action commenced in the United States District Court for the District of New Jersey, bearing civil action no. 08-cv-00668. As you are aware, Allianz issued correspondence on January 31, 2008, declaring the rescission, *ab initio*, of the policy of life insurance which insured the life of the late Austin Bleich, and tendered a refund of all premiums paid.

As of this writing, Allianz has not received a response to its correspondence, nor has it received any indication as to whether rescission is accepted in this cause. As such, we enclose herewith a copy of the complaint, and would appreciate your advising whether you are authorized to accept service of process on behalf of the Estate and Ms. Edelbaum Bleich. If so, we will provide an appropriate acknowledgment for your execution.

Please feel free to telephone us to discuss any aspect of this matter. Thank you for your kind courtesy and cooperation in this regard.

Very truly yours,

McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Steven P. Del Mauro

SPD:bk
Enclosures
1063316_1.doc

# Exhibit
# C

# McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

ATTORNEYS AT LAW

1300 MOUNT KEMBLE AVENUE
P.O. BOX 2075
MORRISTOWN, NEW JERSEY 07962-2075
(973) 993-8100
FACSIMILE (973) 425-0161

STEVEN P. DEL MAURO
Direct Dial: (973) 425-8206
sdelmauro@mdmc-law.com

March 19, 2008

**VIA FACSIMILE 718-604-3074**
**and OVERNIGHT MAIL**
David A. Zelman, Esq.
612 Eastern Parkway
Brooklyn, NY 11225

Re:  **Allianz Life Insurance Company of North America v. The Estate of Austin**
**Bleich, et al.**
**Civil Action No.:  08-cv-00668**

Dear Mr. Zelman:

This letter shall serve to confirm our telephone conversation on Friday, March 14, 2008 in connection with the above matter. That is, our office represents Allianz Life Insurance Company of North America in connection with a civil action commenced in the United States District Court, District of New Jersey, bearing civil action no. 2:08-cv-00668-SDW-MCA. The complaint was filed with the Clerk of the United States District Court on February 5, 2008.

In accordance with our discussions, we understand that you have agreed to accept service of summons and complaint on behalf of the defendants, Estate of Austin Bleich and Candice Edelbaum Bleich. As such, we enclose herewith an original and copy of an acknowledgement of service for your execution and return in the stamped self-addressed envelope provided.

Also in our discussions you advised that you on behalf of your clients commenced a civil action against Allianz in the United States District Court, Eastern District of New York. We advised that our office would acknowledge service of summons and complaint on behalf of Allianz. If you can be so kind, will you please confirm the date of the filing of the complaint in the Eastern District of New York. After we have had an opportunity to review the complaints, we can then discuss whether we can reach an agreement concerning which action should be dismissed. On the basis of our discussion, however, we believe that the action pending in the District of New Jersey should go forward as the same was filed first, and hence the first to file doctrine is applicable. Likewise, the decedent represented in the application that he maintained a residence located in the State of New Jersey, the application was signed in the State of New

NEWARK, NEW JERSEY     RIDGEWOOD, NEW JERSEY     NEW YORK, NEW YORK     DENVER, COLORADO     PHILADELPHIA, PENNSYLVANIA

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

David A. Zelman, Esq.
March 19, 2008
Page 2

Jersey, and the policy of life insurance at issue was issued in accordance with the laws of the State of New Jersey, thereby rendering New Jersey law applicable to our dispute.

Thank you for your kind courtesy and cooperation in this regard.

Very truly yours,

MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

Steven P. Del Mauro

SPD:ct

1066640_1

# Exhibit
# D



39561

Notification of remittance: Payments submitted to us in the form of a paper check may be converted and presented to your financial institution through the use of the Automated Clearing House for electronic processing and posting to your account. If you have any questions or concerns, please contact us

**Policyholder:** AUSTIN BLEICH

**Policy number:** 60012691

**Amount due:** $1,157.90

**Due Date:** 02/10/2007

Check total: Please include the amount of the enclosed check within the spaces provided below

$ *0000*.

$ 1157.90

ALLIANZ LIFE INSURANCE COMPANY
OF NORTH AMERICA
BOX 360259
PITTSBURGH PA 15250-6259

*Indicated next payment to be taken automatically from Account Enclosed voided check & (next payment May '07)*

001-002

## Change of address notification

Please complete the following fields if a change of address is required for the individual policyowner.
Print clearly using UPPERCASE letters, placing a single character into each space provided below.

39561

Street address 1

Street address 2

City                                                                                                                                State

Zip code                                                                        Phone number

(          )          -

**AUSTIN BLEICH**
15 KENSINGTON CT.
TENAFLY, NJ  07670

55-138/212
057105367

N̲o̲.̲    **1008**

Date _____

_Void_

PAY TO THE
ORDER OF _____    $ _____

_____ DOLLARS 🔒

**Valley National Bank**

HORIZON OFFICE
1372 PALISADE AVENUE
FORT LEE, NEW JERSEY 07024

26

Memo _____    _____    MP

⑆021201383⑆  ⑈057105367⑈  1008



Bleicher
15 Lexington Ct,
Tenafly NJ 07670

NEW YORK NY 1??
06 MAR 2007 PM 12 T

15230X6259

# Exhibit E

Allianz Life Insurance Company of North America



| PO Box 59060 | **Overnight** |
| Minneapolis, MN 55459-0060 | 5701 Golden Hills Drive |
| 800/950-1962 | Minneapolis, MN 55416-1297 |

## Life Claim Form

Each beneficiary/claimant must complete and sign a Claim Form. Please complete Sections one, two, three, and four. Attach **one certified copy of the insured's death certificate**, which must remain in the possession of the Company. Also provide a dated obituary, if available. The cost, if any, of completing claim requirements, is the responsibility of the beneficiary/claimant. If you have any questions, feel free to call your agent or our Claims Department at 800/950-1962.

**Section one – Special instructions** (none may apply)

Please review the following statements and provide any required information:

- If any of the beneficiaries named in the policy are deceased, a certified copy of the death certificate of such deceased beneficiary must accompany this form.
- If the policy is payable to the estate or the executor or administrator of the insured, the Claim Form should be completed by the executor or administrator. A certificate of appointment (letters of probate) must accompany this form.
- If the policy is payable to a trust, the trustee should complete the Claim Form. A copy of the trust must accompany this form.
- If the policy has been assigned by the deceased, either absolutely or collaterally, the assignee will need to complete a Claim Form. The beneficiary will also need to complete a Claim Form if there are proceeds payable in excess of the amount assigned. For collateral assignments, the assignee will also need to provide a written statement, signed and dated, of the current balance owed to the assignee.
- If all or any portion of the proceeds are assigned for funeral expenses, we require 1) an itemized statement of the total funeral expenses and 2) a valid assignment bearing the signatures of all beneficiaries who are party to the assignment.
- If the beneficiary is a minor, the Claim Form should be completed by the guardian of the minor's estate. Legal guardianship papers must accompany this form.

**Section two – Information about the deceased**

Policy number(s) under which you are presenting a claim: *600@2691*

Deceased's full name: *Austin Blech*

Address: *15 Kensington Court*  City: *Tenafly*  State: *N.J.*  Zip: ____

Date of birth: *2 / 11 / 41*  Date of death: *9 / 21 / 07*

Deceased's Social Security number: *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*  Cause of death: *Cancer*

Does the deceased have any other insurance policies or contracts with Allianz Life* (other than noted above)?

☒ No other policies or contracts    ☐ Yes, there are other policies or contracts. (Please complete the following)

| Policy/Contract # | Type of coverage | Administrator name, contact and phone number (if known) |
|---|---|---|
| | | |
| | | |

If the policy was issued or reinstated within two years of the insured's date of death, please complete the following:

A. When did the insured first complain of or give other indications of last illness? *Aug + Sept of 06*

B. When did the insured first consult a physician for last illness? *Sometime between Sept + Nov - 06*

C. Names of all physicians or practitioners who attended the insured within five years preceding death. (Attach additional sheet if necessary)

| Names | Addresses | Date of attendance | Condition(s) |
|---|---|---|---|
| *Dr. Leonard Raisman* | *1000 Park Ave. N.Y. N.Y. 10028 (212)* | *9-06 to date of death* | *Stomach indigestion* |
| *Dr. Howard Bruckner* | *Cabrini Hosp N- E. 18 C-St-N.Y. N.Y. (212) 995-7410* | *9-06 to date of death* | *Stomach discomfort* |
| *Dr. Michael Wayne* | | | |
| *Dr. Kasman* | | | *performed Ultrasound Endoscopy* |

S2041 (AR, CO, FL, KS, NC, ND)   (R-7/2004)

Page 1 of 4

Policy number: _600I 2691_

## Section three – Payment of proceeds  (choose A or B)

**A. ☐    Select annuity option settlement**

We will make payments according to any annuity option settlement available in the deceased's contract. Please see contract for complete list of options. We will pay the installments as requested either monthly, quarterly, semiannually, or annually. The option chosen must not extend beyond the beneficiary's life expectancy. Installments will be based on payout rates we declare, but will never be less than those specified in the deceased's contract. Any life option will require proof of age. Please indicate below the mode of payment and your contingent owner.

☐ **Installments for a guaranteed period**–We will pay equal installments for a guaranteed period as specified in the deceased's contract. Number of guaranteed years:  ☐ 5  ☐ 10  ☐ 15  ☐ 20

☐ **Installments for life** (proof of age required)–We will pay equal installments as long as the beneficiary is living.

☐ **Installments for life with a guaranteed period** (proof of age required)–We will pay equal installments as long as the beneficiary is living. If the beneficiary dies before the minimum term has expired, payments continue to the owner until the end of the term. Number of guaranteed years:  ☐ 5  ☐ 10  ☐ 15  ☐ 20

☐ **Benefit deposited with interest**–We will hold the benefit on deposit for the minimum period specified in the deceased's contract. Interest will be paid on the benefit as earned.

**Payment mode of settlement option selected:**  ☐ Monthly   ☐ Quarterly   ☐ Semiannual   ☒ Annual

The contingent owner (claimant's beneficiary) will receive any guaranteed remaining payments in the event of your death.

Your contingent owner:  Name: _____    Relationship: _____

**B. ☐    Select lump-sum distribution**  (choose one method)

☐ ~~Payment by guaranteed benefit account¹ Your benefit is automatically available to you in an interest bearing guaranteed benefit account. You will receive a checkbook and will easily be able to take all of your funds at once, by writing a check for the full amount. You may also leave your account open and earn interest at a competitive rate and write checks on the balance as needed. Please be advised that in the event of your death, the balance of your account will be paid to your estate. The guaranteed benefit account is not available for benefits under $5,000.00. If this box is checked, a lump-sum check will be issued.~~

☒ **Payment by check** Your benefit will be paid in the form of a check.

**Any death benefit selection terminates all provisions of the policy.**

## Section four – Information about the beneficiary/claimant

Beneficiary/claimant name (please print): ✓ _CANDICE     BLEICH_

Address: _15 Kensington Ct._    City: _Tenafly_    State: _N.J._ Zip: _07670_

Birthdate: _3 /21 /45_    Phone number: Day ( _201_ ) _569-5770_ Evenings ( ___ ) _____

Relation to deceased: _WIFE_    Taxpayer ID# (Social Security number): _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_

E-mail address (optional): _____

**Certification** - You must cross out item (2) below if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. Under the penalties of perjury, by signing below I certify (1) that the number shown on this form is my correct Taxpayer Identification number, and (2) that I am not subject to withholding because (a) I have not been notified by the IRS that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (b) if I ever was so notified, the IRS has notified me that I am no longer subject to backup withholding. The Internal Revenue Service does not require your consent to any provisions of this document other than the certifications required to avoid backup withholding.

Signature of beneficiary/claimant _Candice Bleich_    Date _10-19-07_

S2041 (AR, CO, FL, KS, NC, ND)  (R-7/2004)    Page 2 of 4

## Authorization

**Instructions: The authorization should be completed and signed by the insured. If the insured is unable to sign, the authorization should be completed and signed by the legal guardian or next-of-kin.**

To all physicians, hospitals, medical service providers, druggists, employers, consumer reporting agencies, law enforcement agencies, and any other agencies or organizations (including other insurance companies, Social Security Administration, Blue Cross-Blue Shield, self-insured and prepaid health plans):

You are authorized to permit Allianz Life, its Third Party Administrators, and its authorized representatives to view and obtain a copy of ALL RECORDS including employment, law enforcement, tax, financial, insurance claim records, and medical records as to examination, history, diagnosis, treatment, and prognosis with respect to any physical or mental condition including information relating to mental illness, drug or alcohol treatment, HIV (AIDS virus), and disease of

_Austin Bleich_
Print name of insured and policy number

I understand the information obtained will only be used by Allianz Life to determine eligibility for insurance and benefits claimed under the insured's policy. I consent to redisclosure of such information to reinsuring companies, the Medical Information Bureau and such other persons or organization performing business or legal services in connection with my claim, or as may be otherwise lawfully required. Such information will not be given, sold, transferred, or relayed to any other person not specified in this form without my consent.

I understand this authorization may be revoked by written notice to Allianz Life but this revocation will not apply to information already released. If not revoked, this authorization will be valid while the claim is pending but not to exceed a maximum of two years from the date below. I know I may request to receive a copy of this authorization.

I also agree a photographic copy of this authorization shall be as valid as the original.

| Date: 10/7/07 | Signed: _Candice Bleich_ | Relationship to insured if signed by other than insured: WIFE |

If signed by other than the insured, please print name and address and include guardianship papers or other evidence of legal representation.

Allianz Life Insurance Company
of North America



PO Box 1344
Minneapolis, MN 55440-1344

## Fraud Notice

**IMPORTANT:** This is part of the claim form. Review the applicable fraud notice. Sign and date below and return along with the claim form.

Any person who knowingly and with intent to injure, defraud, or deceive any insurance company or other person submits an insurance application or statement of claim containing any materially false, incomplete or misleading information may be committing a crime and may be subject to civil or criminal penalties and may be denied coverage and/or benefits.

The laws of some states require us to furnish you with the following notice:

**California, Oregon, and Texas:** Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison.

**Colorado:** It is unlawful to knowingly provide false, incomplete, or misleading facts or information to an insurance company for the purpose of defrauding or attempting to defraud the company. Penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies.

**Florida:** Any person who knowingly and with intent to injure, defraud, or deceive any insurance company files a statement of claim containing any false, incomplete, or misleading information is guilty of a felony of the third degree.

**New Hampshire:** Any person who, with a purpose to injure, defraud or deceive any insurance company, files a statement of claim containing any false, incomplete or misleading information is subject to prosecution and punishment for insurance fraud, as provided in RSA 638:20.

**New Jersey:** Any person who knowingly files a statement of claim containing any false or misleading information is subject to criminal and civil penalties.

**Pennsylvania:** Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact, material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

**New York:** Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.

| Signature of person/persons completing this form | Date |
|---|---|
| *Candice Bleich* | 10/7/07 |
| Printed name of person/persons completing this form | |
| CANDICE BLEICH | |
| Signature of person/persons completing this form | Date |
| | |
| Printed name of person/persons completing this form | |
| | |

ENT-028

(R-11/2005)

Allianz Life Insurance Company
of North America

PO Box 59060
Minneapolis, MN 55459-0060

**Allianz** 

## Authorization for Release of Health Information
## To Allianz Life Insurance Company of North America ("Company")
### (This authorization complies with the HIPAA Privacy Rule)

Auston Bleich                                    6001 2691

Name of Insured (Please print)                   Policy number

I authorize any health plan, physician, healthcare professional, hospital, clinic, laboratory, pharmacy, medical facility, or other healthcare provider that has provided payment, treatment, or services to me or on my behalf ("My Providers") to disclose my entire medical record and any other protected health information concerning me to the Company, its agents, employees, representatives and reinsurers. This includes information on the diagnosis and treatment of Human Immunodeficiency Virus (HIV) infection and sexually transmitted diseases. This also includes information on the diagnosis and treatment of mental illness and the use of alcohol, drugs, and tobacco.

I also authorize any insurance company, my insurance agent, the Medical Information Bureau (MIB), employers, consumer reporting agencies, health plan administrators, government agencies, relatives, friends, neighbors, and others with whom I am acquainted ("Other Persons") that have any employment, law enforcement, financial, insurance or medical records or knowledge of me or my health, to give to the Company, its agents, its employees, its representatives and its reinsurers my such records and information. These include records and information on the diagnosis or treatment of Human Immunodeficiency Virus (HIV) infection and sexually transmitted diseases. This also includes information on the diagnosis and treatment of mental illness and the use of alcohol, drugs, and tobacco.

By my signature below, I terminate any agreements I have made with My Providers or with Other Persons to restrict my protected health information and I instruct My Providers and Other Persons to release and disclose my entire medical record and other records or knowledge of me or my health without restriction.

This protected health information is to be disclosed under this Authorization so that the Company, its agents, employees, representatives, and reinsurers, may administer claims and determine or fulfill responsibility for coverage and provision of benefits in respect to the above Policy.

The Company, its agents, employees, representatives, and reinsurers may release information obtained by this Authorization to the MIB, reinsurers, and other persons and entities performing business or legal services in connection with my claim

This Authorization shall remain in force for 24 months following the date of my signature below, and a copy of this Authorization is as valid as the original. I understand that I have the right to revoke this Authorization in writing at any time by sending a written request for revocation to Allianz Life Insurance Company of North America at 5701 Golden Hills Drive, Minneapolis, MN 55416-1297.

I understand that a revocation is not effective if My Providers and Other Persons have relied on this Authorization or to the extent that the Company has a legal right to contest a claim under an insurance policy or to contest the policy itself. Except as stated above, a revocation is effective immediately after receipt by the Company. I understand that any information that is disclosed pursuant to this Authorization may be redisclosed and no longer covered by certain federal rules governing privacy and confidentiality of health information.

I also understand that if I refuse to sign this Authorization or revoke this Authorization, the Company may not be able to make any claim or benefit payments under the above Policy and a pending insurance action may be adversely affected

I acknowledge that I have received a copy of this Authorization.

_Maudeen Bleich_                                 _Oct 7, 07_

Signature of Insured or Personal Representative   Date

Description of Personal Representative's authority or relationship to Insured

S2154                                            (R-11/2005)

**MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100
Attorneys for Defendant, Allianz Life Insurance Company of North America

By: _____
        Steven P. Del Mauro, Esq.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORMA CANDICE EDELBAUM, | : |
| Plaintiff, | :    CIVIL ACTION NO. 08-cv-02505 |
| vs. | : |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA | : |
| Defendant. | : |

## CIVIL ACTION – CERITIFICATION OF SERVICE

I, Carolyn Thomas, am employed by the firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for defendant, Allianz Life Insurance Company of North America ("Allianz"), in the within matter.

On June 23, 2008, I served true and accurate copies of the within certification of counsel, brief on behalf of Allianz in reply to Edelbaum's opposition to Allianz's motion to dismiss the complaint, and this certification of service upon the following, in accordance with the Federal

Rules of Civil Procedure and the electronic filing rules of the United States District Court, Southern District of New York, *via* ECF to:

> David A. Zelman, Esq.
> Law Office of David A. Zelman
> 612 Eastern Parkway
> Brooklyn, New York 11225
> Attorneys for Plaintiff, Norma Candice Edelbaum

Courtesy copy via regular mail to:

> George B. Daniels, U.S.D.J.
> United States District Court,
> Southern District of New York
> U.S. Courthouse, Room 630
> 500 Pearl Street
> New York City, NY  10007-1312

**I HEREBY CERTIFY** that all of the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Carolyn Thomas

Date:  June 23, 2008

1106181_1

2